IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM CLAYTON CHOATE                                                              PLAINTIFF

v.                                          Civil No. 4:20-cv-04109

SHERIFF JACKIE RUNION; CAPTAIN GOLDEN ADAMS;
NURSE STEPHEN KING; WARDEN JEFFIE WALKER;
DR. KEVIN McCAIN; and AL LANDRETH, Jail Administrator               DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff, William Clayton Choate, pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion Requesting Subpoena and/or Written Depositions. (ECF No. 67). Defendants have not filed a response to the motion and the Court finds no response is necessary to rule on the motion.

### I. BACKGROUND

In his motion Plaintiff seeks to obtain witness statements from various individuals. He states he is unaware of several of the proposed witnesses' locations and because he is *pro se* and he is "unable to contact the majority of these witnesses because they too, are inmates/prisoners at different units." (ECF No. 67, p. 5). He asks the for the following assistance:

(a) The Court appoint a 3rd party, [unbiased] to either side, to record/type the Deposition from each witness Plaintiff names…
(b) The Court enter an order, and provide contact information, for prison officials to permit correspondence temporarily between Plaintiff and the named witnesses, for the limited purpose of requesting discovery material. i. Plaintiff will provide requests in the form of written Depositions, to be pre-approved by Defendants and the Court, to be answered in a manner described by Discovery rules Fed.R.Civ. P.
(c) The Court will use Defendants Attorneys to take the Deposition of the named witnesses, but the transcript or Proposed Questions will first be viewed by Plaintiff, allowing objections if necessary.

*Id.* at p. 6.  Plaintiff goes on to state, "In order to be less costly and burdensome or the Court, Plaintiff has shortened the original [27] witnesses, down to [16] witnesses.  2 of the witnesses are immediate family members, while 9 are inmates, and 5 are employee/former employees – all witnesses are 3rd parties in this case." *Id.* at p. 7.

## II.  APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i)   The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)  The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P.  26(b)(2)(C).  Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ .P. 26(c).

Pursuant to Federal Rule of Civil Procedure 45(d)(1) it is the Court's duty to ensure that any party requesting a subpoena has taken reasonable steps to avoid imposing undue burden or

expense on the subpoena recipient.  The District Court has discretion to ensure that any discovery sought in a subpoena is relevant or reasonably calculated to lead to admissible evidence.  *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).  "Some threshold showing of relevance must be made" to prevent fishing expeditions in discovery.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992).  Finally, a subpoena to a nonparty is unduly burdensome if the same information is available but not first sought from party defendants.  *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (citing *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

### III. DISCUSSION

The Court first notes that any attempt to subpoena and/or depose sixteen (16) witnesses is not only unreasonable but also unduly burdensome, cumulative, and oppressive.  In addition, there are procedural and logistical difficulties inherent in taking depositions upon written questions pursuant to Fed. R. Civ. P. 31.  For example, the depositions must be taken before an officer – a court reporter - who is to place the witnesses under oath, record the witnesses' responses, either stenographically, by audiotape or videotape, make the transcript or recording available to the witnesses for review if requested, and then certify to Plaintiff that the witnesses were duly sworn and that each deposition is a true record of the testimony given by the witness.  *See* Rule 31(b); Rule 30 (c), (e) and (f); 7 James Wm. Moore, et al., *Moore's Federal Practice*, § 31.12 (3d ed. 2009).

A *pro se* plaintiff does not have the right to have discovery expenses paid by the court.  *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).  Nor does a *pro se* plaintiff have the right to require the defendants to pay the costs of discovery.  *See Doe v. United States*, 112 F.R.D. 183,

3

184 (S.D.N.Y. 1986). Consequently, Plaintiff would be responsible for the costs associated with depositions on written questions. *Stockdale v. Stockdale*, 2009 WL 5103265, at *2 (E.D. Mo. Dec. 17, 2008). Plaintiff has not indicated that he is willing or able to pay those costs.

### IV. CONCLUSION

Plaintiff has not shown what discoverable information is sought from the witnesses listed. He has failed to show that he cannot get that information through the regular discovery process. Finally, he fails to show that he is willing or able to pay the costs associated with the sought depositions on written questions. Accordingly, Plaintiff's Motion Requesting Subpoena and/or Written Depositions (ECF No. 67) is **DENIED**.

**IT IS SO ORDERED this 1st day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE