IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKAN DIVISION

WILLIAM CLAYTON CHOATE                                                                PLAINTIFF

v.                                            Civil No. 4:20-cv-04109

SHERIFF JACKIE RUNION;
CAPTAIN GOLDEN ADAMS;
NURSE STEPHEN KING;
WARDEN JEFFIE WALKER;
DR. KEVIN MCCAIN; and
AL LANDRETH, Jail Administrator                                                       DEFENDANTS

## ORDER

This is a civil rights action filed *pro se* by Plaintiff, William Clayton Choate, under 42 U.S.C. § 1983.  On February 10, 2021, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 16).  Before the Court is Plaintiff's Motion Requesting Information/Relief.  (ECF No. 160).  The Court construes Plaintiff's Motion to be one for reconsideration of the Court's Memorandum Opinions (ECF Nos. 153 – 154) on Defendants' Motions for Summary Judgment.

## BACKGROUND

Plaintiff filed his initial Complaint on December 22, 2020.  (ECF No. 1).  On February 5, 2021, Plaintiff filed his first Motion to Supplement his initial Complaint.  (ECF NO. 14).  On February 8, 2021, the Court denied Plaintiff's Motion to Supplement, and directed Plaintiff to sign and date his Supplement and then return it to the Court.  (ECF No. 15).  On February 11, 2021, and February 24, 2021, Plaintiff filed two additional Motions to Supplement his Complaint in compliance with the Court's February 8, 2021 Order.  (ECF Nos. 17-18).  On February 25, 2021, the Court granted both of Plaintiff's Motions to Supplement, directed the Clerk to file the Motions

to Supplement as Supplements to Plaintiff's original Complaint, and add the additional Defendants to the docket sheet. (ECF Nos. 19-20).

On October 7, 2021, Plaintiff filed an additional Motion to Supplement Complaint. (ECF No. 77). In this Motion to Supplement, Plaintiff requested leave to supplement his complaint with an additional claim of failure to train or supervise, and one new Defendant, Southern Health Partners, Inc. *Id.* This Motion was the first time Plaintiff asserted a failure to train or supervise claim in this matter. The Court addressed this Motion to Supplement along with other discovery matters at a status conference on November 2, 2021. (ECF No. 80). On November 3, 2021, the Court entered an Order addressing issues raised at the status conference. (ECF No. 88). In this Order, the Court granted Plaintiff leave to supplement his Complaint by adding the claim of failure to train or supervise, but denied his addition of Southern Health Partners, Inc. as a Defendant. *Id.* However, the Court did not provide any direction to the Clerk or to Plaintiff to file his Motion to Supplement as a Supplement to his Complaint and neither the Clerk nor Plaintiff made any such filing. *Id.* Accordingly, the Court will consider the Motion to Supplement filed on October 7, 2021 at Document Number 77 as the Supplement to Plaintiff's Complaint.

On February 25, 2022, Defendants, Stephen King and Kevin McCain, filed a Motion for Summary Judgment (ECF No. 114), Memorandum Brief in Support of the Motion for Summary Judgement (ECF No. 115), and a Statement of Facts (ECF No. 116). In their Memorandum Brief, Defendants King and McCain moved to dismiss Plaintiff's failure to train or supervise claim under the argument that Plaintiff failed to state a claim upon which relief could be granted. (ECF No. 115 at 11). Plaintiff filed a Response to this Motion for Summary Judgment on May 18, 2022. (ECF No. 139). Plaintiff also filed a Response to Defendant McCain and King's Statement of Facts. (ECF No. 140). Finally, Plaintiff filed a Notice of Other Arguments/Factual Disputes and

a Supplement to his Response to the Motion for Summary Judgment. (ECF Nos. 142-143). Plaintiff made arguments regarding his failure to train or supervise claim in the Notice of Other Arguments. (ECF No. 142 at 5-7). On August 16, 2022, the Court issued a Memorandum Opinion granting Defendant McCain and King's Motion for Summary Judgment and dismissed both Defendant McCain and Defendant King from this matter. (ECF No. 153). However, the Court failed to address Defendant McCain's and King's motion seeking to dismiss Plaintiff's failure to train or supervise claim against those Defendants. *Id.*

On March 8, 2022, Defendants Golden Adams, Al Landreth, Jackie Runion, and Jeffie Walker ("County Defendants") filed a Motion for Summary Judgment (ECF No. 118), Memorandum Brief in Support of Motion for Summary Judgment (ECF No. 119), and Statement of Facts (ECF No. 120). County Defendants also argued they should be granted summary judgment on Plaintiff's failure to train or supervise claim in their Memorandum Brief in Support of Motion for Summary Judgment. (ECF No. 119 at 18-20). Plaintiff responded to County Defendants' Motion for Summary Judgment with the same set of Responses as used for Defendants McCain and King (ECF Nos. 139, 142-143). Plaintiff also responded to County Defendants' Statement of Facts. (ECF No. 141). As stated above, Plaintiff made arguments regarding his claim of failure to train or supervise in his Notice of Other Arguments. (ECF No. 142 at 5-7). However, the Court again failed to address the failure to train or supervise in its Memorandum Opinion on County Defendants' Motion for Summary Judgment. (ECF No. 154).

On November 14, 2022, Plaintiff filed a Motion for Information/Relief. (ECF No. 160). In this Motion, Plaintiff requested information explaining the next phase of the litigation, and why his claim for failure to train or supervise was not addressed on summary judgment. *Id.* Further, Plaintiff moves for summary judgment on his failure to train or supervise claim because, according

3

to Plaintiff, Defendants did not move for summary judgment on this claim. *Id.*

## LEGAL STANDARD

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). These motions cannot be used to "introduce new evidence that could have been adduced during pendency of the motion at issue" and it is "not the appropriate place to tender new legal theories for the first time." *Arnold v. ADT Sec. Serv., Inc.* 627 F.3d 716, 721 (8th Cir. 2010) (quotations and citations omitted). Instead, the moving party must "demonstrate exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.35 992, 998 (8th Cir. 2001).

Here, the Court will consider Plaintiff's Motion for Information/Relief as a Motion for Reconsideration under Rule 60(b). Specifically, under Rule 60(b) (1) and (6):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> …
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Further, a Motion for Reconsideration construed as a Rule 60(b) motion may be considered timely filed as long as the moving party files it within "a reasonable time." *Id.*

4


## DISCUSSION

The Court's oversight in failing to address Plaintiff's failure to train or supervise claim when it was properly before the Court, clearly fits into the category of exceptional circumstances warranting reconsideration. Further, the Court can easily address and provide relief on the issue raised once the parties adequately argue it on summary judgment.[1] Plaintiff's claim for failure to train or supervise, previously dismissed by the Court, should be allowed to proceed at this time. Further, Defendants will be granted leave to file any additional motion for summary judgment regarding this failure to train or supervise claim raised in Plaintiff's Supplement (ECF No. 77) and Plaintiff will be allowed to respond to any such motion.

Plaintiff's assertion that he is entitled to summary judgment in his favor on the failure to train or supervise claim must fail. Plaintiff cannot move for summary judgment outside the deadline set by the Court in the Initial Scheduling Order without leave of the Court. Such deadline passed on November 8, 2021, and no leave for an extension of that deadline was sought by Plaintiff or granted by the Court. Accordingly, the Court will not consider Plaintiff's argument that he is entitled to summary judgment on his failure to train or supervise claim.

Accordingly, Plaintiff's Motion for Reconsideration is hereby **GRANTED** in part and **DENIED** in part. The Clerk of the Court is **DIRECTED** to reinstate Defendant Nurse Stephen King, and Defendant Dr. Kevin McCain as parties to this case. Defendants King and McCain and

---

[1] The Court notes that both sets of Defendants did in fact move for dismissal of Plaintiff's failure to train or supervise claim in their respective Motions for Summary Judgment and supportive documents. However, Defendants King and McCain moved for a Rule 12(b)(6) dismissal which the Court will not consider at this point in the litigation. Additionally, County Defendants moved to dismiss a failure to train claim number 17 on summary judgment, and also referenced the claim made in an "Amended Complaint" without a document number reference. As there is no "Amended Complaint" in this matter, nor a claim 17, the Court finds the argument insufficient to rule upon without clarification.

County Defendants are all **GRANTED** leave to file additional motions for summary judgment if they wish. Any additional motions for summary judgment shall be filed by February 21, 2023. The only claim, the Court will reconsider on these motions for summary judgment is the failure to train or supervise claim raised in Plaintiff's Supplement to Complaint (ECF No. 77). Plaintiff will be directed to file a response by separate order once the motions are filed. If Defendants choose not to file additional motions for summary judgment by February 21, 2023, Plaintiff's failure to train or supervise claim will be deemed to survive summary judgment and proceed for consideration at trial.

      **IT IS SO ORDERED**, this 22nd day of December 2022.

                                                              s/ *Barry A. Bryant*
                                                            HON. BARRY A. BRYANT
                                                           UNITED STATES MAGISTRATE JUDGE